**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **NICK RICHARDS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **CHARLES CONAWAY and** | § | |
| **ASPEN TECHNOLOGIES GROUP LLC** | § | |
| **f/k/a ASPEN TECHNOLOGY** | § | |
| **GROUP, INC.** | § | |
| | § | |
| **Defendants** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Nick Richards now files this Plaintiff's Original Complaint, complaining of Charles Conaway and Aspen Technologies Group LLC f/k/a Aspen Technology Group, Inc.

### I. *PARTIES*

1.     Plaintiff Nick Richards ("Richards" or "Plaintiff") is a natural person who resides in Texas and is a citizen of Texas.

2.     Defendant Charles Conaway ("Conaway") is a natural person who resides in Colorado and is a citizen of Colorado.  Conaway may be served with process at his residence located at 333 Cliff View Drive, Grand Junction, Colorado 81507 or wherever he may be found.

3.     Defendant Aspen Technologies Group LLC f/k/a Aspen Technology Group, Inc. ("Aspen Technology Group") is a limited liability company organized under the laws of Colorado. Aspen Technology Group may be served with process by serving its registered agent, Aspen Technology Group Holdings Inc., 300 Main Street, Suite 103, Grand Junction, Colorado 81501.

Aspen Technology Group Holdings Inc. may be served with process by serving its registered agent, Charles C. Conaway III, 300 Main Street, Suite 103, Grand Junction, Colorado 81501.

4.      Conaway and Aspen Technology Group may be jointly referred to herein as "Defendants."

## II.  JURISDICTION AND VENUE

5.      The amount in controversy exceeds $75,000, exclusive of interest and costs.  The parties to this lawsuit are citizens of different states.

6.      This court may exercise personal jurisdiction over Defendants because Plaintiff alleges upon information and belief that they have sufficient minimum contacts with Texas such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.  Plaintiff alleges upon information and belief that Defendants engaged in acts constituting doing business in this state, and purposely availed themselves of the privilege of doing business and conducting activities in Texas.

7.      Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.  BACKGROUND AND FACTUAL ALLEGATIONS

8.      This action arises out of a sale of stock that occurred on or about August 12, 2020 (the "Stock Sale"), in which Plaintiff sold his shares in Aspen Technology Group, Inc., a Colorado corporation ("Aspen Technology Group") to Defendant.

9.      Prior the Stock Sale, Plaintiff was a minority shareholder in Aspen Technology Group.

10.     Prior the Stock Sale, and at the time of the Stock Sale, Conaway was the majority shareholder and controlling shareholder of Aspen Technology Group.

11.     Prior the Stock Sale, and at the time of the Stock Sale, Conaway was the President and Chief Executive Officer of Aspen Technology Group.

12.     Plaintiff alleges upon information and belief that, prior the Stock Sale, and at the time of the Stock Sale, Conaway was a director of Aspen Technology Group.

13.     Prior the Stock Sale, Conaway represented to Plaintiff that Aspen Technology Group was in financial distress and that Plaintiff's shares in Aspen Technology Group were worth very little.  Without limiting the foregoing, on or about July 27, 2020, Conaway represented to Plaintiff that Aspen Technology Group only had $45,000 in profit margin so far in 2020.  Because Conaway was the President and Chief Executive Officer of Aspen Technology Group, Conaway was aware of the actual financial state, profits, and profit margins of Aspen Technology Group.

14.     Prior the Stock Sale, Plaintiff requested financial statements, company records, and other information from Conaway and from Aspen Technology Group.   The documents and information requested from Conaway and Aspen Technology Group were relevant to the value of Aspen Technology Group and the value of Plaintiff's stock in Aspen Technology Group.  Conaway and Aspen Technology Group refused to provide the documents and information requested by Plaintiff.

15.     Conaway offered to purchase Plaintiff's shares in Aspen Technology Group for $25,000.  In reliance upon Conaway's representations about Aspen Technology Group being in financial distress, and without the financial information that Defendants failed to provide, Plaintiff agreed to sell his shares in Aspen Technology Group to Conaway for $25,000. Plaintiff executed a Stock Purchase Agreement dated August 12, 2020 ("Stock Purchase Agreement") and pursuant

to that Stock Purchase Agreement sold Plaintiff's shares in Aspen Technology Group to Conaway for $25,000 (as referenced above, the "Stock Sale").

16.     After the Stock Sale, Defendants sent to Plaintiff a 2020 IRS K-1 form relating to Aspen Technology Group (the "K-1").  The K-1 disclosed that Plaintiff's share of the Aspen Technology Group's profit in 2020—stated to be 21.420765%—was $238,164.  According to the information provided by Defendants in the K-1, the total profits earned by Aspen Technology Group in 2020 were approximately $1,111,837.04.

17.     The existence of these profits was never disclosed to Plaintiff by either Conaway or Aspen Technology Group.  Plaintiff never received any share of those profits. In fact, these profits—which Defendants have admitted in the K-1—directly contradict the representations made by Conaway to the effect that Aspen Technology Group only had $45,000 in profit margin for 2020 and was in financial distress.

18.     Based on this information belatedly disclosed by Defendants, Plaintiff alleges that Conaway's representations about Aspen Technology Group being in financial distress and having only $45,000 in profit margin during 2020 were false.

19.     As President and Chief Executive Officer of Aspen Technology Group, Conaway was aware of the true profits and financial condition of Aspen Technology Group at all relevant times, including without limitation when Conaway represented to Plaintiff that Aspen Technology Group was in financial distress, and when the Stock Sale occurred.

20.     Plaintiff would not have executed the Stock Purchase Agreement, would not have entered into the Stock Sale, and would not have agreed to sell his stock in Aspen Technology Group for $25,000 if Plaintiff had known the true financial condition of Aspen Technology Group, including the approximately $1,111,837.04 in 2020 profits that Defendants now claim Aspen

Technology Group earned. That information was material to Plaintiff's decision to sell his stock in Aspen Technology Group, and to sell it for $25,000.

21.     Plaintiff would not have executed the Stock Purchase Agreement, would not have entered into the Stock Sale, and would not have agreed to sell his stock in Aspen Technology Group for $25,000 if Conaway had not represented to Plaintiff that Aspen Technology Group was in financial distress and that Aspen Technology Group had only $45,000 in profit margin for the first several months of 2020.  Those false representations were material to Plaintiff's decision to sell his stock in Aspen Technology Group, and to sell it for $25,000.

22.     Plaintiff alleges upon information and belief that Defendants are currently negotiating and/or attempting to consummate a sale of Aspen Technology Group or its business. Plaintiff alleges upon information and belief that such a sale was imminent or expected at the time of the Stock Sale. This information was never disclosed to Plaintiff prior to the Stock Sale.  This information was material to Plaintiff's decision to sell his stock in Aspen Technology Group, and to sell it for $25,000.

23.     After the Stock Sale, Aspen Technology Group converted to a limited liability company organized under Colorado law, and is now known as Aspen Technologies Group LLC.

24.     Plaintiff alleges upon information and belief that the true value of the stock sold by Plaintiff in the Stock Sale exceeds $75,000, that Plaintiff's rightful share of the profits of Aspen Technology Group exceeds $75,000.

## IV. CLAIMS AND CAUSES OF ACTION

### A. Claims and Causes of Action Against Conaway

#### 1. Fraud

25.     Conaway represented to Plaintiff that Aspen Technology Group was in financial distress, including without limitation by representing that Aspen Technology Group had only $45,000 in profit margin during 2020.  These representations were made contemporaneously with the negotiation of the Stock Sale.  Based upon information subsequently disclosed by Defendants, including the information in the K-1, Plaintiff alleges that those representations were false. Conaway was President and/or Chief Executive Officer of Aspen Technology Group when those representations were made, and thus was aware of the true financial condition and profits of Aspen Technology Group. Conaway made these representations in the context of discussions of Plaintiff's interest in Aspen Technology Group, and to induce Plaintiff to sell his shares in Aspen Technology Group. Conaway made these false representations either with knowledge of their untruth, or recklessly and willfully, without regard to their consequences, and with an intent to mislead and deceive Plaintiff.  Conaway made these misrepresentations with the intent that they be acted upon by Plaintiff, and Plaintiff did in fact reasonably rely upon and act upon Conaway's misrepresentations.   That reliance by Plaintiff resulted in damages to Plaintiff within the jurisdictional limits of this court, including without limitation selling his shares in Aspen Technology Group at less than their true value.

#### 2. Breach of Fiduciary Duty

26.     At all relevant times, Conaway was a controlling shareholder of Aspen Technology Group, and thus owed fiduciary duties to Plaintiff as a minority shareholder. Conaway also owed fiduciary duties to Plaintiff in his capacity as an officer and/or director of Aspen Technology

Group.   Conaway breached his fiduciary duties to Plaintiff by, without limitation: (i) misrepresenting the financial condition and profits of Aspen Technology Group; (ii) failing to disclose material information relating to the financial condition and profits of Aspen Technology Group; (iii) failing to disclose material information relating to the value of Aspen Technology Group and Plaintiff's shares in Aspen Technology Group, including financial information about Aspen Technology Group and, upon information and belief, the prospect of a sale of Aspen Technology Group or its business; (iv) depriving Plaintiff of his rightful share of the profits of Aspen Technology Group; and (v) inducing Plaintiff to sell his shares in Aspen Technology Group at less than their fair value.   These breaches of fiduciary duty directly, proximately, and foreseeably caused damages to Plaintiff within the jurisdictional limits of this court.

## 3.   Constructive Fraud

27.     At all relevant times, Conaway was a controlling shareholder of Aspen Technology Group, and thus owed fiduciary duties to Plaintiff as a minority shareholder. Conaway also owed fiduciary duties to Plaintiff in his capacity as an officer and/or director of Aspen Technology Group.  Among other fiduciary duties, Conaway owed Plaintiff a duty of full disclosure.  Conaway violated that duty by making false or misleading statements about the financial condition and profits of Aspen Technology Group, as set forth above.  Conaway further violated that duty by failing to disclose material information about the financial condition and profits of Aspen Technology Group, as well as a prospective sale, as set forth above.   Plaintiff relied upon Conaway's false or misleading statements, and upon Conaway's duty to disclose, and as a result Plaintiff was injured, including damages within the jurisdictional limits of this court, and Conaway gained an advantage at the expense of Plaintiff.

### 4. Claim Under Colorado Securities Act

28.     The shares of stock in Aspen Technology Group sold by Plaintiff to Conaway are "securities" within the meaning of the Colorado Securities Act, Colorado Revised Statutes § 11-51-101 et seq. As set forth above, in connection with the offer, sale (by Plaintiff, and purchase (by Conaway) of a security, Conaway: (i) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; (ii) employed a device, scheme, or artifice to defraud Plaintiff; and (iii) engaged in acts, practices, or a course of business which operated as a fraud or deceit upon Plaintiff.  Conaway took these actions recklessly, knowingly, or with an intent to defraud Plaintiff. Accordingly, under the Colorado Securities Act, Conaway is liable to Plaintiff for such legal and equitable relief that the court deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees.

## B. Claims and Causes of Action Against Aspen Technology Group

### 1. Breach of Fiduciary Duty

29.     Prior to the Stock Sale, Plaintiff was a shareholder of Aspen Technology Group. As such, Aspen Technology Group owed fiduciary duties to Plaintiff, including without limitation the duty of full disclosure.  Aspen Technology Group breached its fiduciary duties to Plaintiff by, without limitation: (i) failing to disclose material information relating to the financial condition and profits of Aspen Technology Group; (ii) failing to disclose material information relating to the value of Aspen Technology Group and Plaintiff's shares in Aspen Technology Group, including financial information about Aspen Technology Group and, upon information and belief, the prospect of a sale of Aspen Technology Group or its business; and (iii) depriving Plaintiff of his rightful share of the profits of Aspen Technology Group.  These breaches of fiduciary duty directly,

proximately, and foreseeably caused damages to Plaintiff within the jurisdictional limits of this court.

## 2. Claim Under Colorado Securities Act

30.     As set forth above, Conaway engaged in conduct which constitutes a violation of section 11-51-501 of the Colorado Securities Act.  Aspen Technology Group knew that Conaway was engaged in such conduct because Conaway engaged in this conduct while serving as an officer of Aspen Technology Group and while Conaway was the controlling shareholder of Aspen Technology Group.  Plaintiff alleges upon information and belief that Aspen Technology Group gave substantial assistance to such conduct, including without limitation by providing funds for the purchase of Plaintiff's stock in Aspen Technology Group.  Accordingly, under the Colorado Securities Act, Aspen Technology Group is jointly and severally liable with Conaway to the same extent as Conaway, including without limitation for such legal and equitable relief that the court deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees.

## V. PRAYER

31.     Based on the foregoing, Plaintiff prays that Defendants be cited to appear, that the court enter judgment in Plaintiff's favor on all claims and issues, that the court award plaintiff judgment against Defendants, jointly and severally, for rescission, actual damages, awarding Plaintiff his rightful share of Aspen Technology Group's profits and distributions, interest at the statutory rate, costs, and reasonable attorney fees.  Plaintiff prays for all other and further relief to which Plaintiff may be entitled, at law or in equity, including general relief.

Respectfully submitted,

*Price L. Johnson*

Price L. Johnson
State Bar No. 24002363
Price@JohnsonBusinessLaw.com
Timothy Van Meir
State Bar No. 00794781
Tim@JohnsonBusinessLaw.com
Matthew A. Bourque
State Bar No. 24078245
Matt@JohnsonBusinessLaw.com
Emily K. Smith
State Bar No. 24093171
Emily@JohnsonBusinessLaw.com
**THE JOHNSON FIRM**
3001 Knox St., Suite 400
Dallas, Texas 75205-7309
Telephone: (214) 468-9000
Telecopier: (214) 468-9025

**ATTORNEYS FOR PLAINTIFF**